122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kamaldip ATWAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70020, Asi-bes-vlb.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Kamaldip Atwal, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Atwal contends that the adverse credibility finding of the BIA was not supported by substantial evidence. We disagree.
 
 
 6
 We review credibility findings under a substantial evidence standard. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). When the BIA provides specific reasons for questioning credibility, we may evaluate those reasons to determine whether they are valid grounds upon which to base an adverse credibility finding. See Mosa v. Rogers, 89 F.3d 601, 604 (9th Cir.1996). We must. uphold the findings "unless the evidence presented compels a reasonable factfinder to reach a contrary result." Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996).
 
 
 7
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (1994). To establish a well-founded fear of persecution, Atwal must show that his fear is subjectively genuine and objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). "An asylum applicant's candid, credible, and sincere testimony demonstrating a genuine fear of persecution satisfies the subjective component of the well-founded fear standard." Id. (internal quotations omitted).
 
 
 8
 The BIA provided three reasons for questioning credibility: (1) an inconsistency between Atwal's application and testimony regarding whether his father was ever arrested which prompted Atwal to change his testimony; (2) Atwal's overall vague and insufficiently detailed testimony; and (3) the inability of Atwal to remember the circumstances surrounding either his final arrest or the theft of his family's tractor by the Babar Khalsa, a Sikh militant separatist group. The BIA's reasons for questioning Atwal's credibility related to the basis for Atwal's alleged fear of persecution and involved "the heart of the asylum claim." See Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990). Thus, substantial evidence supports the adverse credibility finding of the BIA. See de Leon-Barrios, 116 F.3d at 394. The record does not compel this court to find otherwise. See LopezReyes, 79 F.3d at 911. Accordingly, Atwal failed to satisfy the subjective component of the well-founded fear standard for asylum. See Berroteran-Melendez, 955 F.2d at 1257-58.
 
 
 9
 Because Atwal failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios, 116 F.3d at 394.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3